UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants.<br><br>―――――――――――――――――――<br>R.P.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case Nos.　23-cv-06524-LJC<br>　　　　　　　24-cv-00522-LJC<br><br>**ORDER REGARDING DISCOVERY ISSUES AND SERVICE OF DOE DEFENDANTS** |

The parties in these two related cases have raised a number of discovery issues in their Case Management Statements and at the case management conference on April 30, 2024. The Court addresses some of those issues as follows, as well as the deadline for service of process in the *R.P.* case. The Court further notes that, contrary to an assertion by counsel at the April 30 conference, discovery is now open in both cases. Any discovery disputes not resolved by this Order may be raised in a manner consistent with this Court's Standing Order. Defendants' Motions to Dismiss and Motion to Strike remain under submission and will be addressed in subsequent order(s).

### 1. Named Plaintiffs' Arrest Records

Plaintiffs in both cases seek police records concerning the circumstances of their arrests. Such documents are routinely produced in civil rights cases challenging police action. Defendants object on the basis that such records are protected under state law because plaintiffs are minors, and state law procedures are available for Plaintiffs to petition for their disclosure. The law is clear that a "district [can] order[] disclosure [of such records] notwithstanding state law". *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003), *abrogated on other grounds by Filarsky v. Delia*, 566 U.S. 377 (2012). To do so, district courts typically require a showing that "the information sought must be 'extremely relevant to the issues in the case.'" *Meyer v. County of San Diego*, No. 21-cv-341-RSH-BLM, 2024 WL 86603, at *5 (S.D. Cal. Jan. 8, 2024) (quoting, with a slight error, *Maldonado v. Sec'y of Calif. Dep't of Corr. & Rehab.*, No. 2:06CV02696-MCE/GGH, 2007 WL 4249811, at *5 (E.D. Cal. Nov. 30, 2007) ("significantly relevant")).

There is no dispute that records pertaining to Plaintiffs' arrests are highly relevant to this case challenging those arrests. As for countervailing privacy interests, all of the named Plaintiffs are represented by competent counsel and duly appointed guardians ad litem, and have chosen to seek disclosure of records regarding their own arrests. It is not clear to the Court why Plaintiffs should not be permitted to access their own records (with any identifying information for other minors redacted), or why requiring Plaintiffs to exhaust a separate process under state law would serve any useful purpose. That said, because this issue has not yet been formally presented to the Court by motion or discovery letter brief, the Court will allow further briefing if Defendants intend to stand by their objections to disclosure.

Accordingly, and without waiting for a specific request for documents, the parties are ORDERED to meet and confer as to whether Defendants object to a Court order allowing discovery of police records without any restriction based on the privacy interests of the named Plaintiffs seeking such records. Such an order would not prevent Defendants from redacting information related to other minors besides the named Plaintiffs, but would not allow Defendants to withhold in full documents that pertain both to the named Plaintiffs and to other minors. If Defendants stand by their objection to disclosure, the parties shall file a discovery letter brief

consistent with this Court's Standing Order no later than May 10, 2024. If not, the parties shall file a joint statement by the same deadline indicating that they have resolved this dispute. The parties' letter brief or joint statement must address whether each Plaintiff consents to disclosure of such documents to the other Plaintiffs, either within the *J.T.* case or across both of these cases.

### 2.     **Absent Class Members' Records**

Plaintiffs in the *J.T.* case also seek police records pertaining to other members of the putative class of arrestees, many of whom are minors. Although some minors who were arrested (like the named Plaintiffs) might wish to pursue redress through this action, others might prefer not to be involved and to avoid disclosure of records tying them to an arrest that would otherwise generally be protected by state law. Given that Plaintiffs are reportedly in contact with many putative class members, and that they can pursue discovery regarding the circumstances of the alleged mass arrest without requiring disclosure of other putative class members' identities, it is not clear why Plaintiffs need identifying information for *all* putative class members in advance of class certification. The Court is therefore inclined to defer questions of class discovery to a later stage of the case, either after or closer to class certification. That said, if the Court denies Defendants' pending Motion to Strike Plaintiffs' class allegations, and if Plaintiffs believe they need such documents earlier than this Order contemplates addressing the issue, Plaintiffs may serve a request for production of documents and follow the procedures in this Court's Standing Order to raise a discovery dispute if Defendants object to production.

### 3.     **Preservation Obligations**

The parties do not dispute that they are obligated to preserve relevant evidence, but disagree as to the specific contours of that obligation. Plaintiffs assert that Defendants failed to preserve relevant Microsoft Teams chat logs, and object to Defendants' request that Plaintiffs create backup images of Plaintiffs' smartphones and other devices.

The Court is satisfied that Defendants' Teams records may be relevant to this case to the extent that any named Defendant or other employee of the San Francisco Police Department discussed the intended or actual police response to the 2023 Dolores Hill Bomb, including any discussion of the alleged mass arrest that included Plaintiffs. Defendants are therefore obligated to

3

preserve any such messages. If, as Plaintiffs assert, any such messages have already been destroyed, Defendants must take all reasonable steps to recover them. The parties to both cases shall meet and confer either in person or by videoconference to discuss appropriate steps to preserve or attempt to recover relevant Teams messages, and file no later than May 10, 2024 either: (1) a joint statement listing the agreed steps that Defendants will take; or (2) a discovery letter brief setting forth the parties' respective positions.

As for Plaintiffs' obligations, the Court rejects Plaintiffs' apparent position that only Defendants' evidence is relevant to this case. If Plaintiffs proceed on a claim for arrest without probable cause, evidence of their location and activities (which might include location data, photographs, videos, or messages describing such activities) may be relevant to resolve any conflicts between Defendants' and Plaintiffs' accounts of what Defendants observed on the night in question. If Plaintiffs proceed on claims based on conditions of confinement or excessive force, there may be relevant evidence in the form of messages Plaintiffs sent describing such conditions or force, either during their confinement or after the fact. (These examples are intended to be illustrative rather than comprehensive.)

In light of the wide variety of potential evidence contained in a smartphone, and the risks inherent in trusting the retention of such evidence to a small, relatively fragile device carried throughout daily life by a teenager, the Court finds some method of backup imaging of each named Plaintiff's phone to be reasonable and proportional to the needs of the case. The Court has not reached a conclusion as to whether forensic imaging is necessary or if commercial backup software might be sufficient. The parties to both cases shall meet and confer in person or by videoconference to identify a specific process to preserve data from Plaintiffs' smartphones, and file no later than May 10, 2024 either a joint statement identifying an agreed process or a discovery letter brief setting forth their respective positions.

Defendants also requested that Plaintiffs preserve relevant evidence saved through game consoles. Modern gaming often takes place online, and gaming consoles are used frequently to facilitate social networking and communication through various online gaming platforms. There are numerous examples of these platforms, including without limitation Steam, Xbox Live,

1   PlayStation Network, Twitch, YouTube Gaming, and messaging functions included within
2   specific games available on those and other platforms.  The duty to preserve evidence "includes an
3   obligation to identify, locate, and maintain information that is relevant to specific, predictable, and
4   identifiable litigation." *Apple v. Samsung Electronics Co., Ltd.*, 881 F. Supp. 2d 1132, 1137 (N.D.
5   Cal. 2012) (quoting The Sedona Conf. Working Group on Electronic Document Retention &
6   Production, the Sedona Conf. Comment on Legal Holds: The Trigger and the Process 1 (public
7   cmt. Aug. 2007)).  Plaintiffs counsel in both the *J.T.* and *R.P.* cases shall ask the individual
8   Plaintiffs if they communicated about the incidents at issue in this case using any gaming console
9   or platform, and if they did, Plaintiffs shall take steps to preserve any messages that may be
10  relevant to the claims and relief sought.  Such steps need not include complete backup imaging of
11  gaming devices, so long as other reliable methods are available to preserve all such messages.

12  If the meet-and-confer process and follow-up steps outlined above lead any party to
13  believe that relevant evidence has been irrevocably lost at a time when an opposing party had an
14  obligation to preserve it, the parties may address potential sanctions for spoliation at an
15  appropriate later stage of the case.

### 4.   Service of Doe Defendants in *R.P.*

17  Plaintiff R.P.'s only federal claims are asserted against unidentified and unserved
18  individual Doe Defendants.  Although the use of Doe defendants is generally disfavored in federal
19  court, it is permissible in circumstances like this case.  "Where the identity of the alleged
20  defendant is not known prior to the filing of a complaint, the plaintiff should be given an
21  opportunity through discovery to identify the unknown defendants, unless it is clear that discovery
22  would not uncover the identities, or that the complaint would be dismissed on other grounds."
23  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  Dismissal under such
24  circumstances, without an opportunity for discovery, is reversible error.  *Id.*; *see also Gillespie v.*
25  *Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980).  The Court does not find other clear grounds for
26  dismissal of all claims against Doe Defendants at this time, and therefore grants R.P. leave to
27  conduct discovery to identify the individuals he wishes to sue.

28  "If a defendant is not served within 90 days after the complaint is filed, the court—on

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal without prejudice would serve no purpose here, when R.P. intends to pursue his claims, could simply refile his complaint if dismissed, and is entitled to pursue discovery as discussed above. The Court therefore extends time for service through July 29, 2024, and grants R.P. leave to amend his Complaint any time before that deadline to name the Doe Defendants he intends to serve. R.P. is encouraged to amend and serve his Complaint sooner than that deadline if he is able to do so. He may also file an administrative motion to further extend time if he believes good cause requires such an extension.

Pending identification and service of the Doe Defendants, the Court declines to rule on Defendants' Motion to Dismiss in the *R.P.* case (ECF No. 25), which implicates state law claims against the City and County of San Francisco that might ultimately fall outside this Court's subject matter jurisdiction if R.P. is not able to identify and serve a defendant against whom he can state a viable claim under federal law.

**IT IS SO ORDERED.**

Dated: May 2, 2024

LISA J. CISNEROS
United States Magistrate Judge