UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., et al.,<br><br>                 Plaintiffs,<br><br>        v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>                 Defendants. | Case No.  23-cv-06524-LJC<br><br>**ORDER REGARDING PROCESS FOR JOINT FILINGS** |

Multiple disputes have arisen in this case regarding purportedly unauthorized alterations to joint filings. *See* ECF Nos. 60, 61, 102, 103, 109.  As discussed at the November 7, 2024 discovery hearing, the Court now sets a process for future joint filings.  The parties are free to modify any aspect of this process by mutual express agreement, but in the absence of such agreement, the process set forth below controls.

After the parties have met and conferred and determined that they have reached an impasse regarding the parameters for this discovery, then the party seeking discovery shall promptly provide a draft joint discovery letter with its portion of the joint letter.  Then, the opposing party shall promptly provide its written response with its respective portion of the discovery letter.  In general, the opposing party should respond within two business days, either providing its respective position in writing or confirming receipt and indicating a date by when it will provide its written position.

After the initial draft of their respective positions are exchanged, then the parties shall have a period of time to provide additional changes to their respective portions.  Absent other agreement, the parties shall exchange revised drafts with any additional changes to their respective portions no later than 12 noon on the date that the joint discovery letter is to be filed.  After the

revised positions are exchanged, each party may make additional changes to their respective portion of the joint discovery letter, but those additional changes must be shared and reviewed by the opposing side. Absent other agreement, the parties shall exchange the second round of revised drafts with any additional changes to their respective portions of the letter by 3:00 pm.

The parties shall work in good faith to determine whether additional revisions are warranted in response to the second round of revised drafts. Absent other agreement, the final joint letter shall be filed by 5:00 pm, by the party seeking relief from the Court.

The joint letter shall not be filed as a joint letter without approval from the non-filing party—either express approval of the complete final language, or express approval for the filing party to modify the section setting forth its own position without further review by the non-filing party. To be clear, the filing party cannot unilaterally claim the last word in a dispute by altering its own section of a letter before filing, unless the non-filing party either approves the final language or consents to the filing party making changes without opportunity for further review.[1]

In the unlikely event that the parties cannot reach agreement and express approval for filing a joint letter to raise a discovery dispute, this Court's Standing Order includes a process for submitting separate letters. Such failure to cooperate may, however, result in an order requiring the parties to meet and confer in person at the courthouse before the Court will address the merits of the dispute at issue.

**IT IS SO ORDERED.**

Dated: November 8, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge

---

[1] Defendants appear to have violated this principle in the most recent joint letter by substantially revising their own arguments without providing Plaintiffs an opportunity to review and respond to those changes, despite Plaintiffs' counsel's clear statement that "[i]f there are further changes I will need to review after 5." ECF No. 109 at 3. Because Defendants only substantively modified their own section of the letter, and both parties had an opportunity to be heard at oral argument before the Court resolved the dispute, the Court finds that no significant prejudice resulted from that violation and DENIES Plaintiffs' request to strike the joint letter. That said, Defendants are admonished that any changes to a joint letter require approval as discussed above. The Court notes that a similar violation could be prejudicial in the future if the Court elects to resolve a dispute without oral argument on the understanding that both parties approved the joint letter.