UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 23-cv-06524-LJC <br><br> **ORDER REGARDING LOCATION DATA SOUGHT FROM FORMER PLAINTIFF E.J.** |

The Court has considered the parties' written and oral arguments and the two declarations of Defendants' forensic vendor David Dang regarding extraction of geolocation data from former Plaintiff E.J.'s iPhone. Taking into account E.J.'s previous agreement to produce "any available location data for July 8, 2023, 4pm – 8:40pm," the Court previously ordered the parties to meet and confer regarding production of E.J.'s location data, potentially including forensic review of his iPhone at Defendant's expense. ECF No. 89 at 14. E.J. instead produced location data associated with several photographs and videos taken during that time, and the parties dispute whether that production was sufficient.

E.J.'s location data has at least some relevance to the case, and there is at least some likelihood that forensic review of his iPhone would produce more location data than E.J. has been able to retrieve thus far from photographs and videos. The location data that E.J. has produced roughly covers the period primarily at issue in this case—from when police ordered people in the general vicinity of Dolores Park[1] to disperse, to when police arrested the crowd that remained on

---

[1] This description is intentionally vague and intended only for context. Evidence of precisely where police gave orders to disperse is not currently before the Court, and the Court makes no findings on that subject at this time.

the street—but includes gaps of around fifteen to twenty minutes during that time. *See* ECF No. 107. Additional location data to fill those gaps could help to show the extent to which E.J. was able to comply with orders to disperse, and might be relevant to the question of whether other putative class members could have complied with those orders. The Court also takes into account E.J.'s previous agreement to produce "any available location data" during the relevant period.

The Court also recognizes that E.J. faces some (albeit relatively minor) burden in being deprived of his iPhone for the one to four hours it will take to image it, and a more significant burden in revealing the contents of his iPhone to a third party as part of the forensic review. *See* ECF No. 89 at 10 (citing, *e.g.*, *Riley v. California*, 143 S. Ct. 2473, 2494–95 (2014)); ECF No. 101-1, ¶ 7 (declaration by Defendants' forensic vendor indicating that "we will perform a forensic image of the iPhone and we will then parse the forensic image for review"). The Court finds that the potential relevance of location data outweighs the burden of temporarily depriving E.J. of his iPhone, and that the burden to E.J.'s privacy can be sufficiently mitigated.

The Court therefore ORDERS as follows:

(1) No later than December 4, 2024,[2] E.J. shall either: (a) notify Defendants that he will submit to extraction of location data by Defendants' forensic vendor; or (b) identify a different vendor whom he has retained to extract location data at Defendants' expense. If E.J. retains a different vendor, that vendor must be willing and able to complete substantially the same scope of inspection as Defendants' vendor, at a cost no more than forty percent greater than an estimate provided by Defendants' vendor, unless E.J. is willing to cover any cost beyond that threshold.

(2) The vendor must agree to be bound by the terms of this Order, and whichever party has retained the vendor shall file a declaration attesting to that agreement no later than December 9, 2024.

(3) E.J. shall submit his iPhone to inspection and imaging by the vendor at a mutually

---

[2] This deadline is later than the Court would like, but takes into account E.J.'s counsel's current unavailability (ECF No. 113), defense counsel's unavailability during the week of Thanksgiving as noted in the related *R.P.* case, and potential difficulty coordinating with vendors during that time. If additional time is needed, however, the parties may stipulate to a different schedule.

|  |  |
|---|---|
|  | agreeable place and time no later than December 13, 2024, and shall cooperate in enabling access to any geolocation data stored on his iPhone. |
| (4) | Following imaging of E.J.'s iPhone, the vendor shall return the iPhone to E.J. |
| (5) | Following imaging of E.J.'s iPhone, the vendor shall produce to counsel for all parties any geolocation data for the period from 4:00 PM on July 8, 2023 to 2:00 AM on July 9, 2023, in a reasonably accessible format. *See* ECF No. 89 at 14. |
| (6) | Concurrent with production of that location data, the vendor shall provide a complete image[3] of E.J.'s iPhone (on any appropriate form of media) to E.J.'s counsel for safekeeping during the duration of this litigation. |
| (7) | The vendor shall not otherwise disclose any data or information from E.J.'s iPhone to any person, except by E.J.'s express agreement. |
| (8) | After producing the location data to all parties and the image of E.J.'s iPhone to E.J.'s counsel, receiving confirmation from counsel for all parties that they have received the location data in a format reasonably accessible to them, and returning E.J.'s iPhone to E.J., the vendor shall destroy any copies of any data from E.J.'s iPhone that remain in the vendor's possession, custody, or control, unless E.J. expressly directs the vendor retain some or all of that data and the vendor agrees to do so. The vendor shall notify counsel for all parties when the vendor has destroyed all copies of data from E.J.'s iPhone. |
| (9) | E.J.'s counsel shall not access, review, or disclose the image of E.J.'s iPhone, in whole or in part, except with E.J.'s express consent or by order of the Court. The Court does not currently anticipate authorizing further discovery from the image of E.J.'s iPhone. |
| (10) | Upon the conclusion of this litigation or counsel's representation of E.J., whichever is earlier, E.J.'s counsel shall transfer the image of E.J.'s iPhone to E.J. and destroy any copies remaining in counsel's possession, unless E.J. expressly consents to some other course of action. |

---

[3] Or the entirety of information that the vendor extracted from E.J.'s iPhone, if that is something less than a complete image.

3

(11) No later than three business days after the location data is produced to counsel, the parties shall file a joint statement in the record indicating what if any location data was gathered, to inform the Court's understanding of the usefulness of this sort of discovery in this and other litigation.

The parties may, by stipulation, modify any aspect of the above process, except for the requirement to submit a report to the Court at its conclusion.

In the Court's view, this location data—although potentially relevant at least to some degree, and thus discoverable as discussed above—has become a distraction. To ensure that discovery relevant to the upcoming settlement conference and motion for class certification is proceeding efficiently, the Court now sets a discovery status conference to occur at 10:30 AM on December 17, 2024, in person in Courtroom G. The parties shall file a joint statement no later than December 10, 2024 apprising the Court of the status of discovery and raising any issues that could benefit from the Court's resolution or other assistance.

**IT IS SO ORDERED.**

Dated: November 18, 2024

LISA J. CISNEROS
United States Magistrate Judge