UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No.  23-cv-06524-LJC<br><br>**DISCOVERY ORDER REGARDING MICROSOFT TEAMS MESSAGES** |

As discussed in the parties' discovery status report (ECF No. 122) and at the discovery status conference on December 17, 2024, the parties dispute whether Defendants have preserved and produced all relevant Microsoft Teams messages, and whether discovery into the potential deletion and recovery of such messages is warranted.  Defendants represented that they will produce relevant activity and audit logs, if any exist, no later than December 31, 2024.  The Court instructed the parties to meet and confer and file a joint discovery letter brief no later than January 23, 2025 if they are not able to resolve this issue.

To provide further clarity, Defendants are ORDERED to produce no later than January 7, 2025 the document retention policy applicable to San Francisco Police Department's Microsoft Teams messages, if one exists, and a declaration by a qualified employee or representative of the City and County of San Francisco: (1) identifying the requests for production served by Plaintiffs for which Defendants searched for Teams messages; (2) explaining what criteria were used to identify and collect potentially responsive Teams messages; (3) explaining whether any Teams messages potentially responsive to those requests for production were deleted or otherwise lost; (4) explaining what steps, if any, were taken to determine whether any potentially responsive messages were deleted or otherwise lost; (5) explaining what steps, if any, were taken to recover

any lost or deleted messages; and (6) stating whether Defendants succeeded in recovering all potentially responsive messages, if any, that had been lost or deleted.[1]

On the current record, Plaintiffs' belief that relevant messages were lost or otherwise not produced appears to be speculative, and therefore does not appear to warrant further discovery into this issue beyond what is discussed above. If Plaintiffs have or obtain more specific evidence that messages were lost or not produced,[2] the parties shall meet and confer, and file a joint discovery letter brief if they are not able to resolve the issue. If Plaintiffs' position is based on evidence produced or known to Plaintiffs no later than January 7, 2025, the parties shall file their joint letter brief no later than January 23, 2025, as discussed at the discovery status conference. If Plaintiffs later obtain new evidence that, in their view, tends to show relevant messages were lost or otherwise not produced, the parties may file a joint letter within a reasonable time after Plaintiffs' discovery of such evidence.

**IT IS SO ORDERED.**

Dated: December 19, 2024

LISA J. CISNEROS
United States Magistrate Judge

---

[1] Without resolving the question of whether some or all internal communications *discussing* these issues might be privileged or otherwise protected from discovery, the Court is satisfied that the facts of the Defendants' recovery efforts are discoverable. If Defendants disagree that all or any portion of these facts are discoverable, they may file by January 7, 2025 an administrative motion requesting that the Court withdraw this Order. If Defendants object to discovery of only a portion of these facts, they shall still disclose the unobjectionable facts to Plaintiffs by January 7, 2025 and the motion will address the disputed issues.

[2] Such evidence might include, without limitation: Defendants' activity and audit logs scheduled to be produced by December 31, 2024; Defendants' declaration addressed above; body camera video of officers sending or receiving Teams messages during the events at issue; or deposition testimony by officers involved in the events at issue.

2