UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 23-cv-06524-LJC<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO WITHDRAW PRIOR ORDER**<br><br>Re: Dkt. No. 131 |

On December 19, 2024, following a discovery status conference, the Court issued an Order for Defendants to disclose basic information about their efforts to preserve and produce Microsoft Teams messages no later than January 7, 2025. ECF No. 129; *see, e.g.*, *Cohen v. Trump*, No. 13-CV-2519-GPC (WVG), 2015 WL 3617124, at *7 (S.D. Cal. June 9, 2015) (stating that although litigation hold notices may be privileged, "Plaintiffs were entitled to know what kinds and categories of ESI the defendant's employees were instructed to preserve and collect, and what specific actions they were instructed to undertake to that end" (cleaned up)). The Court noted, however, that if Defendants believed that information was not discoverable, they could file an administrative motion seeking withdrawal of that Order by the same deadline. *Id.* at 2 n.1. The Court also set a process and deadline for any dispute about whether further discovery on this issue was warranted, noting that Plaintiffs' assertion that relevant Teams messages were lost appeared to be speculative. *Id.* at 2.

Defendants now appear to have at least substantially complied with the production contemplated by the Court, having filed (rather than merely produced as ordered) several declarations addressing their preservation of Teams messages. *See* ECF No. 130 (Leung Decl.); ECF No. 131-1 (Berdux Decl.); ECF No. 131-2 (Ikels Decl.); ECF No. 131-6 (Sinclair Decl.).

Defendants have also, however, filed an administrative motion to withdraw the prior Order, asserting that it "was issued without the benefit of Defendants' briefing or opportunity to respond," and that it "is moot, not ripe, disproportionate to the needs of this matter, and seeks attorney-client privileged communications." ECF No. 131 at 2, 7.

That administrative motion is hereby DENIED, for two reasons. First, the substantive content of the administrative motion exceeds by ten lines the five pages allowed for administrative motions under Civil Local Rule 7-11(a). Second, and much more importantly, it is not clear what practical relief Defendants now seek. Defendants do not identify any specific information called for by the previous Order that they believe is not discoverable, or any portion of the Order for which they seek to avoid compliance. To the contrary, Defendants assert that they "complied with the Court's Order." ECF No. 131 at 2 n.1. It is therefore not clear what purpose would be served by withdrawing it.

The Court understands that Defendants object to the Court having issued the previous Order without full briefing. The issue of Teams messages was addressed, however, in the parties' Joint Statement Regarding Discovery Status, ECF No. 122, and at the discovery status conference on December 17, 2024, ECF No. 128 (Minutes) at 2, and has been a subject of dispute for the better part of a year since the parties' first appearance before this Court, *see* ECF No. 131 at 2 n.1 (Defendants' present administrative motion, addressing arguments that Plaintiffs raised in April of 2024). The Court also specifically invited Defendants to bring an administrative motion if they believed the information called for by the previous Order was not discoverable, thus providing an opportunity to brief any issue Defendants believed warranted further attention. But rather than addressing any categories of information called for by that Order, Defendants instead discuss their compliance with other discovery obligations, cast blame on Plaintiffs for raising a conspiracy theory as a diversion from Plaintiffs' own purported delinquencies, and assert that this issue that has been a source of dispute for approximately seven months is "not ripe." *See id.* at 7.

Instead, a resolution of the preservation disputes is overdue. This case was filed over a year ago, discovery has been underway some time, and the deadline for Plaintiffs' motion for class certification is approaching. To advance a resolution of the dispute, either by way of an agreement

1    negotiated by the parties or court order, the Court directed Defendants to provide certain basic
2    information and allowed a process for them to object to the discoverability of certain information.
3    The Court expressly anticipated that some internal communications discussing preservation issues
4    may be privileged or otherwise protected from discovery and granted Defendants an opportunity
5    to raise objections.  Consequently, Defendants' assertion that the order "necessarily calls for
6    attorney-client communications" is confounding.  ECF No. 131 at 5.

7    If Defendants seek to set aside a particular portion of the previous Order—as contemplated
8    by that Order—their administrative motion fails to specify what relief is necessary.  The Court has
9    endeavored to review the nearly fifty pages of attachments to the motion to determine what, if any
10   order, may be appropriate.  To extent the record reveals that defense counsel engaged in attorney-
11   client communications with various individuals for SFPD and the police IT department to collect
12   responsive Teams communications, the prior Order does not compel the production or disclosure
13   of those communications.

14   The information Defendants have now provided appears to serve the purpose intended by
15   the Court's previous Order: to make a record of which responsive Teams messages were collected
16   and which (if any) may have been lost.  Defendants' Operations Support Administrator Johann
17   Leung states that San Francisco Police Department Teams messages posted to "channels" are not
18   automatically deleted, and that he provided all such messages from the date range of June 10, 2023
19   to July 15, 2023 to counsel for review, but messages sent directly between users were
20   automatically overwritten thirty days after they were created.  ECF No. 130, ¶¶ 4–5; *see also* ECF
21   No. 131-2, ¶ 3.  If Plaintiffs believe that any further information called for by the previous Order is
22   appropriate for discovery and proportional to the needs of the case, the parties shall meet and
23   confer and may address any unresolved issues in the joint letter called for by the previous Order,
24   due no later than January 23, 2025.  *See* ECF No. 129 at 2.

25   This Order is without prejudice to any argument that either party might make in that letter.
26   The Court is hopeful, however, that the parties can resolve these issues efficiently without further
27   intervention.  *Cf. The Sedona Conference Cooperation Proclamation*, 10 Sedona Conf. J. 331
28   (2009) (decrying "escalating motion practice, overreaching, obstruction, and extensive, but

unproductive discovery disputes").

**IT IS SO ORDERED.**

Dated: January 8, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge