1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    J.T., et al.,                              Case No.  23-cv-06524-LJC

8              Plaintiffs,

9         v.                                    **ORDER GRANTING IN PART
                                                ADMINISTRATIVE MOTION TO FILE
10   CITY AND COUNTY OF SAN                      UNDER SEAL**
     FRANCISCO, et al.,
11                                              Re: Dkt. No. 125
              Defendants.

12

13        Defendants filed an administrative motion to seal exhibits to a joint statement addressing

14   discovery of location data, asserting that the privacy interest of Plaintiff C.L. and former plaintiff

15   E.J., in conjunction with background California law regarding confidentiality of juvenile case

16   files, warrants sealing exhibits reflecting location data extracted from C.L. and E.J.'s phones.

17   ECF No. 125.  The parties later filed a stipulation reflecting Plaintiffs' shared intent that the

18   documents should be sealed.  ECF No. 127;[1] *but see* Civ. L.R. 79-5(c) ("Reference to a stipulation

19   . . . is not sufficient to establish that a document [is] sealable.").  Neither C.L. nor E.J. filed a

20   declaration asserting any specific privacy intrusion that would result from disclosure.

21        The public has a right of access to judicial proceedings, such that parties usually must

22   show "compelling reasons" to file under seal, although a lower standard of "good cause" applies to

23   sealing documents filed in contexts no more than tangentially related to the merits of a case, such

24   as the discovery status report at issue here.  *See generally Ctr. for Auto Safety v. Chrysler Grp.,*

25   *LLC*, 809 F.3d 1092 (9th Cir. 2016).   Even the "good cause" standard, however, "requires a

26   'particularized showing' that 'specific prejudice or harm will result' if the information is

27   ────────────────

28   [1] Although the stipulation does not specifically purport to include E.J., the Court presumes that
     E.J., who is represented by the same counsel as Plaintiffs, joins in the request to seal.

*United States District Court*
*Northern District of California*

disclosed." *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning' will not suffice." *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Exhibits C and F include data that is materially duplicative of information previously filed in the public record. Those exhibits contain location data derived from image files on E.J.'s iPhone, presented respectively as a map and as a list in comparison to a prior production. *See* ECF No. 124 at 4 (characterizing Exhibit C as "a map created . . . from E.J.'s media location data"); *id.* at 7 ("Plaintiffs' Exhibit F shows the comparison between the location metadata E.J. previously produced as part of his photos and videos, and the location data that Defendants obtained from the images . . . ."). As Plaintiffs (who share counsel with E.J.) stated, "the image location data extracted from E.J.'s phone by Defendants' technician is identical to the image location metadata E.J. had already produced, with the addition of three data points that are very close in time to the produced data." ECF No. 124 at 6–7. E.J. filed the timestamps and geolocation coordinates for that previously produced data in the public docket, without a request to seal it. ECF No. 107.

The Court is mindful of the privacy interests of minors who were detained during the events at issue, particularly with respect to non-parties like E.J. The exhibits reflecting location data gathered from E.J.'s media files, however, do not reveal any substantive information about E.J.'s location beyond what is already available in the public record. The Court cannot discern any potential harm to E.J. from the disclosure of those exhibits. The request to seal Exhibits C and F is therefore DENIED.

Exhibits A, B, and D include location data corresponding to other places in San Francisco, apparently unrelated to the events of the Dolores Hill Bomb. The significance of that data—including when, if ever, E.J. was present at those locations—is not clear, but it is conceivable that someone familiar with E.J.'s identity and the locations indicated by that data could draw inferences or conclusions from the data that would unduly invade E.J.'s privacy. The request to seal those exhibits is therefore GRANTED. This Order does not reach the question of whether

United States District Court
Northern District of California

2

1    such information would be sealable under the more demanding "compelling reasons" standard if it

2    were filed in a context more closely tied to the merits of the case.

3          Exhibit E contains location data extracted from Plaintiff C.L.'s phone.  The earliest entries,

4    from 8:03 PM, shows that C.L.'s phone was near the intersection of Dolores Street and 20th

5    Street.  Two entries from between 9:30 and 10:00 PM reflect a location near the intersection of

6    Dolores Street and 19th Street.  Entries starting around 1:00 AM reflect locations on 17th Street

7    between Dolores Street and Guerrero Street.  The latest entries, from after 2:00 AM, reflect

8    locations in the vicinity of the Mission District police station.  All of those locations are generally

9    consistent with C.L.'s allegations that she observed the Hill Bomb from Dolores Street, that she

10   entered Dolores Park when she heard the first orders to disperse from Dolores Street, that police

11   corralled her and others on 17th Street between Dolores Street and Guerrero Street for an extended

12   period of time, and that she was later taken to the Mission District police station.  *See* 1st Am.

13   Compl. (ECF No. 24) ¶¶ 25, 26, 29–30, 54.

14         The timestamps for some of those locations do not line up precisely with C.L.'s

15   allegations.  It is not clear whether such discrepancies stem from imperfect memory, or perhaps

16   from some of the media files on C.L.'s phone having been created and sent to her by other

17   detainees, or from some other cause.  Regardless, however, Exhibit E shows only the same general

18   locations where C.L. alleges she was present on the night in question.  The Court discerns no

19   meaningful privacy intrusion that would result from filing this document in the public record.  The

20   request to seal Exhibit E is therefore DENIED.

21         The Court grants C.L. and E.J. leave to file a motion for reconsideration no later than

22   January 23, 2025 if they believe the Court has overlooked any harm that could result from the

23   disclosure of Exhibits C, E, or F.  If no such motion is filed, Defendants are ORDERED to file

24   Exhibits C, E, and F in the public record no later than January 30, 2025.

25         **IT IS SO ORDERED.**

26   Dated: January 16, 2025

27

28   _____
     LISA J. CISNEROS
     United States Magistrate Judge

United States District Court
Northern District of California

3