UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants. | Case No. 23-cv-06524-LJC<br><br>**ORDER RESOLVING DISCOVERY LETTER REGARDING DEPOSITION TOPICS**<br><br>Re: Dkt. No. 155 |

The parties have filed a joint discovery letter regarding certain topics in a deposition notice that Plaintiffs served on Defendant the City and County of San Francisco (the City) under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Specifically, the parties dispute subparts (c), (d), and (e) of "Topic 1, the Mass Arrest:"

> c. Facts supporting probable cause for the arrests of the plaintiffs and putative class members.
>
> d. Any attempts prior to or during the MASS ARREST to distinguish between individuals who had engaged in unlawful conduct and individuals who had not.
>
> e. All COMMUNICATIONS RELATED TO the decision and/or basis to make the MASS ARREST.

ECF No. 155 at 1. The Court's understanding of the dispute is limited by the fact that the parties' letter includes only those subparts, without disclosing the remaining portions of Topic 1 or the deposition notice more broadly. Defendants assert that "Topics 1(a) and 1(b) seek the identities of the officers who made the mass arrest order, and Defendants agreed to provide this information through Rule 33 interrogatory response," *id.* at 4 n.4, but it is not entirely clear whether Plaintiffs agree with that characterization or whether there are other topics for which Defendants have agreed to produce a witness. The Court nevertheless proceeds to resolve the dispute as follows.

As an overarching issue, the City contends that these topics are "premature," because Defendants have agreed not to oppose Plaintiffs' forthcoming motion for class certification with arguments that individual issues of probable cause predominate. ECF No. 155 at 5. But the City itself asserts that "Defendants cannot agree to stipulate to class certification" because "[i]t is for the Court, not the parties, to decide whether the requirements of Rule 23 are met." *Id.* Plaintiffs may therefore need to address issues of probable cause in their class certification motion, regardless of whether Defendants intend to oppose it on that basis. More importantly, though, the Court has not bifurcated discovery in this case such that Plaintiffs are currently limited to discovery relevant to class certification. The City does not dispute that probable cause is central to the merits of Plaintiffs' claims. The Court therefore declines to block this discovery as "premature." On the other hand, questions specific to individual absent putative class members may not be relevant to the case as it currently stands, where the most important inquiries are either class-wide probable cause for a mass arrest (if a class is certified), and/or individualized probable cause to arrest the named plaintiffs (if it is not).

Defendants also argue that the specific subparts in dispute are inappropriate for a Rule 30(b)(6) deposition because they depend on individual arresting officers' contemporaneous knowledge. ECF No. 155 at 3–5. The Court addresses each of the subparts in turn.

### "c. Facts supporting probable cause for the arrests of the plaintiffs and putative class members."

The City argues that this subtopic is improper because the question of probable cause turns on the personal knowledge of the individual arresting officers.

Defendants rely heavily on the Southern District of New York's decision to bar certain Rule 30(b)(6) deposition topics in *Trustees of Local 854 Pension Fund v. Barrett*, No. 23-cv-1160 (JHR) (JW), 2024 WL 4026257 (S.D.N.Y. Sept. 3, 2024). To the extent that decision rested on the premise that entities should not be required under Rule 30(b)(6) to testify to the knowledge of specific individuals, this Court tends to agree with that outcome,[1] based at the very least on the

---

[1] At least under normal circumstances where an entity's knowledge *of* an individual's knowledge is not itself at issue.

2

1    bounds of proportionality and the Rule's limit to what is "reasonably available" to the corporation.

2    *See id.* at *3 (noting, as particularly improper, a topic seeking testimony from the corporation

3    regarding "Defendant 'Ken Barrett's knowledge'").  But the *Barrett* court went further, suggesting

4    that *any* topic addressing "knowledge" is improper, because corporate entities are *incapable* of

5    knowledge, and Rule 30(b)(6) depositions are more properly addressed to an entity's litigation

6    positions:

> . . . Courts have made clear that generally, a corporate plaintiff must produce a 30(b)(6) witness to testify to matters alleged in the corporate entity's complaint. It "makes sense that a corporate plaintiff would be able to appoint a 30(b)(6) representative who could detail the corporation's position on allegations in a lawsuit the corporation initiated." [Citations.]
>
> However, as written, the deposition topics reference 'knowledge' and only an individual could have such knowledge. The entity itself is not aware or unaware of anything. This is different from asking for an entity's formal position on a topic. . . .

13   *Id.*

14          That reasoning is contrary the express language of Rule 30(b)(6), which requires an

15   entity's representative to "testify about *information known or reasonably available to* the

16   organization," Fed. R. Civ. P. 30(b)(6) (emphasis added), not merely its "positions."  And of

17   course, courts routinely consider questions of the "knowledge" of a corporate or public entity in

18   resolving cases on their merits.  *See, e.g.*, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754,

19   765 (2011) (addressing "knowledge of the existence of the patent that is infringed" in a case

20   involving only corporate parties); *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79 (1994) (addressing

21   circumstances in which a bank's officers' knowledge may be imputed to the bank, and in turn to

22   the FDIC when suing on behalf of the bank); *In re Walldesign, Inc.*, 872 F.3d 954, 970 (9th Cir.

23   2017) (". . . California law imputes to a corporation any knowledge of an officer of that

24   corporation within the scope of his duties." (cleaned up)); *Lovell v. Chandler*, 303 F.3d 1039,

25   1056 (9th Cir. 2002) (holding that a requirement of a public entity's "knowledge that a harm to a

26   federally protected right is substantially likely . . . is satisfied when the public entity has notice

27   that an accommodation [of disability] is required").

28          It is therefore often appropriate for an entity party to testify under Rule 30(b)(6) to matters

within its knowledge, even where such knowledge may depend on the knowledge of the entity's employees. To the extent that the *Barrett* decision suggests a rule to the contrary, it is not persuasive. And although not addressed by the parties, entity deposition testimony under Rule 30(b)(6) regarding the grounds for arrests is not unheard of. *E.g.*, *Imani v. City of Baton Rouge*, 614 F. Supp. 3d 306, 339 (M.D. La. 2022) (". . . Defendants admitted at the Rule 30(b)(6) deposition that there was no evidence that any Plaintiff was violent, no evidence any engaged in illegal activity, and no justification for the arrest beyond the information in the pre-printed Affidavits of Probable Cause.").

That said, requiring an entity to prepare a witness to testify to the knowledge of a specific other person would in most circumstances be entirely redundant to the person's own testimony in their individual capacity. This is not such a case—at least unless the parties are prepared to stipulate that each arrest was solely the decision of one specific officer.

Requiring an entity to prepare a witness to testify to facts derived from the knowledge of a large group of people might also be unduly burdensome and disproportionate to the needs of a case, at least under some circumstances. In a case where the defendant hospital district argued that the plaintiff should depose individuals responsible for certain decisions rather than the defendant itself under Rule 30(b)(6), the Western District of Washington noted that "[e]ven if an individual could testify about the topics in a Rule 30(b)(6) notice, a 30(b)(6) deposition is not necessarily cumulative." *Naini v. King Cty. Pub. Hosp. Dist. No. 2*, No. C19-0886-JCC, 2019 WL 6877927, at *3 (W.D. Wash. Dec. 17, 2019). In that case, however, the defendant asserted that a topic would "require research into and testimony regarding hundreds of patients," and the plaintiff agreed in response "to limit the specific patients at issue to those for whom their relatives or surrogates have submitted declarations and/or for whom Defendants have requested that Plaintiff produce their entire medical records." *Id.* at *2 (cleaned up). The court found the disputed deposition topic "relevant and proportional *if limited according to Plaintiff's stipulation*." *Id.* at *3 (emphasis added).

A similar limitation is appropriate here: the City shall produce a witness to testify to the City's knowledge of (1) probable cause supporting the overarching decision to conduct a mass

4

arrest and, (2) to the extent the City believes there are relevant facts distinct from the probable cause determination for the mass arrest,[2] probable cause to support the arrests of the individual Plaintiffs.  But the City's witness is not required to prepare to testify about facts specific to absent putative class members as might be relevant to individualized assessments of probable cause, except to the extent that the City intends to rely on such conduct to support its position that there was probable cause to detain the group as a whole.  This Order is without prejudice to Plaintiffs seeking other discovery regarding the circumstances of other individuals' arrests as may be relevant, or to seeking further deposition testimony from the City regarding specific putative class members' arrests upon a showing of need.

The Court recognizes that the City's entity-level knowledge of facts supporting probable cause may not be identical to the legal question of whether a particular officer had probable cause to make an arrest.  The Court previously "reject[ed] Plaintiffs' apparent position that only Defendants' evidence is relevant to this case," holding instead that Plaintiffs' evidence might "be relevant to resolve any conflicts between Defendants' and Plaintiffs' accounts of what Defendants observed on the night in question."  ECF No. 56 at 4.  Similarly, the City's overarching knowledge of the issue may help to inform the question of whether the specific arresting officers had probable cause to arrest, or guide further discovery related to that issue, even if it is not dispositive of it.

> **"d. Any attempts prior to or during the MASS ARREST to distinguish between individuals who had engaged in unlawful conduct and individuals who had not."**

The Court's view of this subtopic is similar to that stated above with respect to probable cause.  Some degree of limiting principle is necessary to avoid undue burden of requiring the City to prepare a witness to testify to the conduct (and potentially thought process) of scores of individual officers involved with the response to the Dolores Hill Bomb.  Accordingly, to the extent that efforts to distinguish individuals who had engaged in unlawful conduct—or the

---

[2] Plaintiffs assert that "Defendants concede that there was only a single probable cause determination, which was made en masse as to the entire putative class."  ECF No. 155 at 2.  It is not clear from the current record whether Defendants dispute that assertion.

feasibility of doing so—factored into the decision to make a mass arrest or the instructions for how to carry out that arrest, the City must provide a witness to testify to those issues.  But the City's representative is not expected to know or testify to all such actions that may have been taken by individual officers at the scene.

> **"e. All COMMUNICATIONS RELATED TO the decision and/or basis to make the MASS ARREST."**

Although this subtopic is included within the parties' dispute, neither side offers arguments specifically addressing it.  The Court nevertheless provides the following general guidance.  It is unreasonable to expect a Rule 30(b)(6) witness to testify to the circumstances, meaning, or intention of every specific communication regarding the mass arrest, particularly when Plaintiffs generally can depose the specific employees who made those communications if they so choose.  But related issues that rely on more general knowledge are fair game, including but not limited to: (1) the methods of communication used during the event; (2) the identities of key participants in communications where such attribution might not be obvious to Plaintiffs (like radio dispatch recordings); and (3) whether records of such communications as retained and produced by the City are authentic and complete.  The Court understands this subtopic as including such issues, and the City must produce a witness prepared to testify to them.

The parties are in a better position than the Court to determine the issues that Plaintiffs seek to explore within this subtopic and the ability of the City to provide such information.  The parties are therefore encouraged to meet and confer as to the scope of knowledge expected for this subtopic, reflecting the guidance stated above, before the deposition occurs.

**IT IS SO ORDERED.**

Dated: April 9, 2025

LISA J. CISNEROS
United States Magistrate Judge