April 17, 2025

Honorable Magistrate Judge Lisa J. Cisneros
San Francisco Courthouse, Courtroom G – 15th Floor

Re:     *J.T., et al. v. City and County of San Francisco, et al.*, Case No. 23-cv-06524-LJC <u>Order re 30(b)(6) deposition topics (ECF No. 156)</u>

Dear Judge Cisneros:

**Plaintiffs' position**

On April 9, 2025, this Court issued an order resolving discovery letter re Rule 30(b0(6) deposition topics. See Dkt 156, 155 and Exhibit 1, Amended Deposition Notice. Defendants refuse to comply with the order as to Topics 1(c) and 1(d) by producing designees on those topics. Plaintiffs therefore request an order compelling them to do so prior to May 6, 2025, the deadline for Plaintiffs' class certification motion.

The Court's order states, as to deposition topic 1(c), ***Facts supporting probable cause for the arrests of the plaintiffs and putative class members***: "[T]he City shall produce a witness to testify to the City's knowledge of (1) probable cause supporting the overarching decision to conduct a mass arrest and, (2) to the extent the City believes there are relevant facts distinct from the probable cause determination for the mass arrest, probable cause to support the arrests of the individual Plaintiffs." Dkt 156, pp. 4-5.

As to deposition topic 1(d), ***Any attempts prior to or during the MASS ARREST to distinguish between individuals who had engaged in unlawful conduct and individuals who had not***: "Accordingly, to the extent that efforts to distinguish individuals who had engaged in unlawful conduct—or the feasibility of doing so—factored into the decision to make a mass arrest or the instructions for how to carry out that arrest, the City must provide a witness to testify to those issues."

After receiving the Court's order on April 9, 2025, Plaintiffs' counsel contacted Defendants' counsel the same day in order to schedule the Rule 30(b)(6) deposition on Topic 1(c), (d) and (e), prior to the May 6, 2025, deadline for Plaintiffs' class certification motion. However, Defendants refuse to produce designee(s) on 1(c) or (d).

Defendants offered to stipulate that "each arrest of the mass arrest was solely the decision of one specific officer", in lieu of producing designees on these topics. Plaintiffs declined to so stipulate because there is evidence that more than one person was involved in the probable cause determination and/or supplied information that entered into this determination. According to the police report, Defendants Captain Harvey and Lt. Sullivan made the arrest decision jointly, and the police BWC videos show them consulting one or more other officers about the mass arrest. Captain Harvey was not in the front line, and youth and onlookers who had gathered for the skateboard event scattered over many busy city blocks between the first dispersal order at 7:09pm and the 8:43pm mass arrest, when two groups of officers trapped 113 people in the 3500 block of 17th Street by sealing off each end of that block. Thus, Harvey necessarily relied on information from other officers for his probable cause determination, including information gathered by Lt. Sullivan

and others. Moreover, it is improbable that a mere captain could have decided to mass arrest 113 people, including 81 minors, without approval of higher-ups.

Plaintiffs are entitled to explore the facts described in the Court's order regarding 1(c) and 1(d), and the City's position, through a deposition of a prepared City designee, as this Court has ordered, rather than simply relying on Captain Harvey's individual testimony, which would not be binding on the City.

> The testimony of an individual… is distinct from the testimony of an entity…"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity."…Accordingly, and with good reason, courts have rejected the argument that a Rule 30(b)(6) deposition is unnecessary or cumulative simply because individual deponents… have already testified about the topics noticed in the Rule 30(b)(6) deposition notice.

(*Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012), citations omitted.)

A party "is entitled to the knowledge of the corporation and the corporation's positions on matters clearly relevant and discoverable in this phase of the case. Therefore, any testimony provided by employees as individuals does not satisfy the need for Plaintiff to obtain binding testimony from the corporate entity." (*Kelly v. Provident Life & Acc. Ins. Co.*, No. 04CV807-AJB (BGS), 2011 WL 2448276, at *4 (S.D. Cal. June 20, 2011).)

Defendants' sole citation is to *Barry v. Fowler*, which has nothing whatsoever to do with 30(b)(6) depositions. It merely recites that probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed, is committing, or is about to commit an offense. *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). Plaintiffs do not dispute that that is the standard for probable cause. Rather, Plaintiffs want to discover the City's complete position as to what facts supported probable cause and what, if any, attempts were made to exclude innocent people from the mass arrest.

Plaintiffs originally served a proposed 30(b)(6) deposition notice in February 2025, and an amended proposed notice on March 20, following meet and confer (attached as Exhibit 1). As discussed at Dkt 155, Plaintiffs need this deposition to supply necessary facts in support of the class certification motion. Accordingly, the Court should order Defendant City to prepare a designee and immediately cooperate in scheduling the Rule 30(b)(6) deposition for a date prior to May 6.

Plaintiffs request Rule 37 sanctions for Defendant's failure to obey the discovery order, in the form of an order prohibiting Defendant from introducing evidence of probable cause for the mass arrest (Rule 37(b)(2)(A)(iii)); and requiring Defendant to pay Plaintiffs' reasonable expenses, including attorney's fees, caused by the failure to obey (Rule 37(b)(2)(C)), including reasonable fees for meeting and conferring with counsel and preparing this discovery letter. Plaintiffs will supplement the fee request with a declaration if the Court so allows.

**Defendants' position**[1]

Defendants respectfully request the Court clarify its April 9, 2025 Order (the "Order"), ECF No. 156, with respect to subtopics (c) and (d).[2]

The Court stated in its Order that it "tends to agree" that "entities should not be required under Rule 30(b)(6) to testify to the knowledge of specific individuals." Order at 2. While the Court observed that such testimony was sometimes appropriate, the Court acknowledged that "requiring an entity to prepare a witness to testify to the knowledge of a specific other person would in most circumstances be entirely redundant to the person's own testimony in their individual capacity." *Id.* at 4. The Court continued, "This is not such a case—at least unless the parties are prepared to stipulate that each arrest was solely the decision of one specific officer." *Id.*

To answer the Court, this is such a case. The mass arrest decision (including arrests of the named Plaintiffs) was a decision made by one specific officer, Captain Tom Harvey. After the Court issued the Order, Defendants emailed Plaintiffs to say they would agree to stipulate to this fact. Based on the Order, Defendants explained that this rendered entity testimony for subtopics (c) and (d) entirely redundant to specific officer testimony. However, Plaintiffs refused Defendants' stipulation. To justify their refusal (and their request for discovery), Plaintiffs claim that "there is evidence that more than one person was involved in the probable cause determination and/or supplied information that entered into this determination." But this undisputed fact has no relevance to the present dispute over the interpretation of the Court's Order, or the Order's reasoning that requiring entity testimony on subtopic (c) would be entirely redundant and unreasonably cumulative to Captain Harvey's testimony in his individual capacity. Rather, Plaintiffs don't engage with the reasoning in the Order at all.

Plaintiffs also ask the Court to impose evidentiary and monetary sanctions against Defendants for allegedly refusing to comply with the Order. There is no basis for sanctions here.

For the reasons below, Defendants request the Court (1) clarify its previous Order that, given the stipulated facts in this case, the City is not required to designate a 30(b)(6) witness for subtopics (c) and (d); and (2) deny Plaintiffs' request for Rule 37 sanctions.

    **I.  Under the Order and the facts in this case, the City should not be required to designate a 30(b)(6) witness for subtopics (c) and (d).**

Defendants agree to stipulate that the decision to order the mass arrest (including the arrest of the named Plaintiffs) was the decision of one specific officer, Captain Tom Harvey. Accordingly,

---

[1] Defendants provide background of the underlying 30(b)(6) notice. On February 27, Plaintiffs sent Defendants a "draft notice" without a deposition date listed, and asked Defendants to meet and confer immediately, which Defendants agreed to do. During meet and confer, Plaintiffs requested Defendants limit the discussion to Topic 1. On March 20, the day before Plaintiffs sent Defendants their portion of the joint letter brief filed at ECF No. 155, Plaintiffs sent Defendants an "amended" notice—attached to this joint letter as Exhibit 1— revising subtopic (c) but again with no deposition date listed. Neither draft notice included a proof of service. Neither notice was "served," as Plaintiffs assert above. Because Defendants agreed to meet and confer with Plaintiffs immediately after receiving the draft notice, Defendants did not serve formal objections and responses.

[2] After the Court issued its Order, Defendants emailed Plaintiffs to say they would designate a City 30(b)(6) witness regarding subtopic (e) as outlined in the Order.

3

requiring the City to prepare a 30(b)(6) witness to testify to the facts supporting probable cause—"the facts and circumstances within the officer's [here, Captain Harvey's] knowledge," *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)—"would . . . be entirely redundant to [Captain Harvey's] own testimony in their individual capacity." Order at 4.

Plaintiffs now refuse the stipulation and accuse the City of sanctionable conduct for offering it.[3] Plaintiffs claim that there is "evidence that more than one person was involved in the probable cause determination and/or supplied information that entered into this determination." But Plaintiffs move the goal posts. Whether multiple officers contributed to Captain Harvey's decision—a fact Defendants do not dispute—has no relevance to subtopic (c)—"Facts supporting probable cause for the arrests of the plaintiffs and putative class members"—which comes entirely from the facts within Captain Harvey's knowledge. *Barry*, 902 F.2d at 773. Indeed, it has no bearing on the present dispute or the Court's reasoning that requiring entity testimony on subtopic (c) would be entirely redundant and unreasonably cumulative to Captain Harvey's testimony in his individual capacity. Plaintiffs' unsubstantiated, speculative assertion that "it is improbable that a mere captain could have decided to mass arrest 113 people, including 81 minors, without approval of higher-ups" fails for the same reason.

***Subtopic (c).*** The Court's narrowed subtopic (c) is consistent with this approach. The Court limited subtopic (c) to the City's knowledge of (1) probable cause supporting the decision to conduct a mass arrest and (2) probable cause supporting the decision to arrest the Plaintiffs, to the extent the City believes there are facts for the arrest of Plaintiffs distinct from the probable cause determination for the mass arrest. Order at 4–5. As explained above, given the stipulated fact that the mass arrest was the decision of one specific officer, (1) would be "entirely redundant" to the specific arresting officer's (Captain Harvey's) testimony in his individual capacity. And as Defendants told Plaintiffs in meet and confer, the City has no knowledge of relevant facts for the arrest of Plaintiffs distinct from the probable cause determination for the mass arrest so (2) is thus mooted. The Court fashioned limitations for subtopic (c) to account for potential gray area between the City's knowledge and the arresting officer's knowledge. However, there isn't any such gray area here, and thus the City should not be required to designate a 30(b)(6) witness for subtopic (c).

***Subtopic (d).*** The Court explained its "view of this subtopic is similar to that stated above with respect to probable cause." Order at 5. Accordingly, as with subtopic (c), the stipulated fact that each arrest of the mass arrest was solely the decision of one Captain Harvey would render entity testimony for subtopic (d) "entirely redundant" to Captain Harvey's testimony in his individual capacity. This flows from the Court's Order because, as Defendants point out in their previous joint letter, efforts to sort bystanders go to probable cause, *see* ECF No. 155 at 4 n.3 (citing *Dinler v. City of New York*, 2012 WL 4513352, at *6 (S.D.N.Y. Sept. 30, 2012))—*i.e.*, what Captain Harvey knew at the time he ordered the mass arrest.

---

[3] Plaintiffs assert above that "[a]ccording to the police report, Defendants Captain Harvey and Lt. Sullivan made the arrest decision jointly." That conclusion is nowhere to be found in the police incident report. In fact, the police report says, "A mass arrest was done on order and approval by Captain Harvey." The only thing that comes anywhere close is the comment that "Captain Harvey and Lt Sullivan formulated a plan to effect an arrest." That is not only unrelated to, but also entirely consistent with the stipulated fact that the mass arrest decision was made by Captain Harvey. In any event, this document is not before the Court, nor does it bear on the reasoning in the Order.

To the extent Plaintiffs seek discovery into SFPD policies regarding how efforts to sort lawbreakers from bystanders factor into making a decision to order a mass arrest, Defendants can agree to provide a City 30(b)(6) witness. However, to the extent Plaintiffs seek discovery into how efforts to sort bystanders factored into Captain Harvey's decision for the July 8, 2023 mass arrest, Plaintiffs are welcome to notice and depose Captain Harvey about that topic in his individual capacity. It is "entirely redundant" to Captain Harvey's testimony in his individual capacity and thus unreasonably duplicative to depose a City 30(b)(6) witness about this topic. The City should not be required to designate a 30(b)(6) witness for subtopic (d).

Defendants share the Court's concern that "[r]equiring an entity to prepare a witness to testify to facts derived from the knowledge of a large group of people might also be unduly burdensome and disproportionate to the needs of a case, at least in some circumstances." Order at 4. The Court's limitations to subtopic (d) reflect this concern. *Id.* at 6 ("But the City's representative is not expected to know or testify to all such actions that may have been taken by individual officers at the scene."). Given this concern, in the event the Court requires the City to, stipulated fact or not, designate a 30(b)(6) witness for the narrowed subtopic (d), Defendants respectfully request the Court issue additional guidance as to how a City 30(b)(6) witness should be prepared to testify regarding this subtopic, separate and apart from testimony that Captain Harvey would provide in his individual capacity.

## II. Rule 37 sanctions are not appropriate here.

At the end of their joint letter, Plaintiffs request Rule 37 sanctions. This serious request for evidentiary and monetary sanctions is unwarranted, given that Defendants are not "fail[ing] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). As this letter shows, the parties' interpretations of the Order differ. They bring this joint letter requesting the Court's guidance. That is not grounds for Rule 37 sanctions.

To the contrary, Defendants have worked diligently and in good faith to cooperate with Plaintiffs in discovery. This dispute is no exception. Moreover, while Plaintiffs continue to assert that their requested discovery is urgent given the May 6, 2025 class certification motion deadline, they continue in their refusal to explain how this discovery relates to class certification. Regardless, Defendants have offered to designate a City 30(b)(6) witness for subtopic (e) as framed in the Order for deposition on May 1, 2025 (and Plaintiffs have accepted that offer and date).

                                Respectfully submitted,

Dated: Apr. 17, 2025        PARTNERSHIP FOR CIVIL JUSTICE FUND

                                /S/
                                Rachel Lederman, SBN 130192
                                Mara Verheyden-Hilliard, D.C. Bar No. 450031, pro hac vice
                                1720 Broadway, Suite 430
                                Oakland, CA 94612
                                415-508-4955
                                rachel.lederman@justiceonline.org
                                mvh@justiceonline.org

                              Attorneys for Plaintiffs

Dated: Apr. 17, 2025        DAVID CHIU
                                      City Attorney

                                        Oliver J. Fong, Deputy City Attorney
                                        1390 Market Street, 6th Floor, San Francisco, CA 94102
                                        Phone: (415) 554-3906
                                        oliver.fong@sfcityatty.org

                                        Attorneys for Defendants

## SIGNATURE ATTESTATION

      I hereby attest that I have the consent of all parties to insert their conformed signatures on this e-filed document.

      /S/ Rachel Lederman