RACHEL LEDERMAN, SBN 130192
MARA VERHEYDEN-HILLIARD, D.C. Bar No. 450031 *appearing pro hac vice*
Partnership for Civil Justice Fund
1720 Broadway, Suite 430
Oakland, CA 94612
415-508-4955
rachel.lederman@justiceonline.org
mvh@justiceonline.org

GABRIELA M. LOPEZ, SBN 288016
The Community Law Office
1720 Broadway, Suite 430
Oakland, CA 94612
415-952-0597
gabriela@oaklandclo.com

BOBBIE STEIN, SBN 113239
503 Dolores St., Suite 201
San Francisco, CA 94110
415-255-0301
Bstein8692@gmail.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, ET AL.,<br><br>    Defendants. | Case No: 23-cv-06524-LJC<br><br>**AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**<br><br>Date: \*\*\*<br>Time: \*\*\* |

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff J,T,, by and through her undersigned counsel, hereby requests that Defendant

No. 23-cv-06524-LJC  |  *J.T., et al., v. CCSF*  |  TITLE OF PLEADING |

CITY AND COUNTY OF SAN FRANCISCO, through its counsel, identify and produce designated individual(s) to testify on its behalf concerning the matters for examination listed on Exhibit A to this Notice on ********, a date mutually agreed upon, beginning at 10:00 a.m. and continuing from day to day until completed.

The deposition shall be conducted remotely, by Zoom videoconference, and be recorded by stenographic means and conducted before an officer authorized or designated in a manner consistent with the Federal Rules of Civil Procedure and the Rules of the U.S. District Court for the Northern District of California. The deposition may also be video-recorded and may be used at trial.

PLEASE TAKE FURTHER NOTICE that it is hereby requested that the deponent provide all documents that have not already been provided in response to any Plaintiff's request for production of documents pursuant to Federal Rule of Civil Procedure 34. Please note that if Plaintiffs' counsel does not receive all such documents at least two weeks before this noticed deposition, the deponent will be subject to recall at the deponent's expense.

Dated:   Feb. 20, 2025

/S/
By: Rachel Lederman
PARTNERSHIP FOR CIVIL JUSTICE FUND
Attorneys for Plaintiffs

# EXHIBIT A
## DEFINITIONS

The term "INCIDENT" refers to the San Francisco Police response to the July 8, 2023, Dolores Hill Bomb, including but not limited to the encirclement and mass arrest on 17th Street, the detention of the mass arrestees, and the events alleged in the complaint in this action.

The term "MASS ARREST" refers to the encirclement and arrest during the INCIDENT in the 3500 block of 17th Street.

The term "DETENTION" or "DETAIN" refers to the detention of the mass arrestees in the 3500 block of 17th Street, in buses and vans, and in the Mission Police Station sallyport.

The terms "YOU" and "YOUR" shall refer to the CITY AND COUNTY OF SAN FRANCISCO and its agents as hereinafter defined.

The term "AGENT" includes any official, officer, director, employee, trustee, attorney, investigator, accountant, consultant, advisor, limited partner, general partner, or any other person or entity which acts or purports to act for, or on behalf of, or for the benefit of, that person or entity referred to.

"DOCUMENT" means a writing, as defined in California Evidence Code section 250, and a writing, recording or photograph as defined in F.R.E. 1001, and includes handwriting, typewriting, printing, photographs, videos, audio recordings, and every other means of recording, any form of communication or representation, including letters, words, pictures, sound or symbols, or combinations thereof, and any information stored on a computer or in any digital or electronic format.

"ANY," "EACH," and "ALL" shall be read to be all inclusive, and to require the production of each and every document responsive to the request in which such term appears.

"RELATE TO", "RELATING TO," "RELATED TO," and "RELATES TO" mean, without limitation, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove, disprove, or explain.

"COMMUNICATION" or "COMMUNICATIONS" includes, without limitation, in-person or telephone conversations, voicemail, memoranda, correspondence, notes, email messages, texts, direct messages, video calls, telegrams, tapes, facsimiles, other sound or video recordings, and all other means of transmitting information from one source to another.

**Topics for Examination**

1. <u>The Mass Arrest</u>

    a. Identities of the personnel who authorized, ordered or directed police officers to make the MASS ARREST and/or to DETAIN the mass arrestees during the INCIDENT;

    b. Identities of personnel who approved the MASS ARREST and/or the DETENTION, including the decision to DETAIN the mass arrestees for processing rather than release them from the arrest site;

    c. Facts supporting probable cause for the arrests of the plaintiffs and putative class members.

    d. Any attempts prior to or during the MASS ARREST to distinguish between individuals who had engaged in unlawful conduct and individuals who had not:

    e. All COMMUNICATIONS RELATED TO the decision and/or basis to make the MASS ARREST.

2. <u>Trainings and Orders Related to Crowd Control and Arrests</u>

    a. Training, directives and best practice guidelines provided to YOUR personnel RELATED TO crowd management, crowd control, unlawful activity taking place in conjunction with a crowd event or gathering, and arrests at crowd events, whether given before or during the INCIDENT.

    b. Training, directives and orders given to Defendant's personnel RELATED TO arrests at the INCIDENT, whether given beforehand or during the INCIDENT.

    c. All general orders or special orders, policies or procedures regarding arrests in crowd situations, including all command structures regarding authorization for mass arrests for Defendant's personnel during the INCIDENT.

    d. All general orders or special orders, policies or procedures regarding arrests or detention of juveniles during crowd events.

    e. All operations plans, other plans, briefings and orders given in advance of and at the INCIDENT, regarding arrests.

3. All police announcements and orders issued to the public during the INCIDENT, including specifics as to each order, time of communication, duration of communication, location and method of communication used to convey each announcement or order.

4. The status, and documents associated with, any and all Department of Police Accountability, Internal Affairs, or outside investigations that were initiated RELATED TO any aspect of the INCIDENT.

5. <u>The Command Center's operations, collection, recording and maintenance of information and evidence of the events occurring during the INCIDENT</u>, including:

    a. The location and field of vision or scope of view of all security and CCTV cameras;

    b. The maintenance and retention of recordings or data (including redundancies or backup systems), including disclosure as to how and where such recordings/data are maintained and accessed;

    c. Methods of COMMUNICATION from the field and personnel who were assigned or authorized to provide information from the field;

    d. The effort and methods employed to identify and review images/ recordings/ data RELATED TO the INCIDENT;

    e. The creation of any running resume, log or other chronological data compilation RELATED TO the INCIDENT;

    f. The loss, alteration, or destruction of any recordings/data RELATED TO the INCIDENT, and all related circumstances.