UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants.<br><br>R.P.,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants. | Case Nos.  23-cv-06524-LJC<br>                 24-cv-00522-LJC<br><br>**ORDER RESOLVING DISCOVERY LETTER BRIEFS REGARDING DPA MATERIALS**<br><br>Re: Dkt. Nos. 192 (*J.T* case)<br>               103 (*R.P.* case) |

Plaintiffs in these two related cases seek documents from the San Francisco Department of Police Accountability (DPA) investigation of the mass arrest at issue. Defendants have withheld such documents and now invoke the official information privilege (a qualified privilege under federal common law), but they failed to identify such documents and the grounds for withholding them in a privilege log as required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. Plaintiffs in the *J.T.* putative class action seek all DPA materials. *J.T.* ECF No. 192. The discovery letter filed Plaintiff R.P., pursuing individual claims in a related case, specifically seeks only Defendant Captain Thomas Harvey's interview with the DPA, though R.P.'s discovery

requests might also encompass other DPA materials. *R.P.* ECF No. 103.[1]

For the reasons discussed below, the parties are ORDERED to exchange privilege logs no later than August 11, 2025, and Defendants are ORDERED to produce responsive DPA materials no later than September 8, 2025 or one week after the completion of the DPA's investigation and report, whichever is sooner. If Plaintiffs believe any previously completed deposition should be reopened in light of those materials, or that any deposition should be allowed after the fact discovery cutoff in *R.P.*, the parties shall meet and confer no later than September 11, 2025 and file either a stipulation or a joint discovery letter no later than September 15, 2025.

## A.  Privilege Logs

The Federal Rules of Civil Procedure require parties to produce privilege logs when they withhold privileged documents from production in discovery:

> *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

Defendants' failure to identify the materials at issue in privilege logs is troubling, bordering on indefensible. Defendants' assertion that the "City was not aware that Captain Harvey had given an interview to the DPA," *R.P.* ECF No. 103 at 7, rings hollow when: (1) the DPA is an agency of the City, albeit an independent agency; and (2) perhaps more importantly, *Harvey is himself a defendant in this case*, represented by the same counsel as the City. The Court is not inclined to resolve this dispute based on principles of waiver when there appears to be a viable path forward that protects both sides' interests, but a holding that the City waived any protection for these documents by failing to produce a privilege log would likely find

---

[1] The joint letter in *R.P.* is not in the format required by section F of this Court's Standing Order. The Court excuses that error in this instance.

solid legal authority. To avoid any further impediments to discovery due to Defendants'—and at least in the *R.P.* case, apparently also Plaintiff's—failure to serve a privilege log, the Court now sets a deadline for the parties to do so.

If they have not done so already, the parties are ORDERED to exchange privilege logs—including for DPA materials that are responsive to document requests or would fall within Defendants' initial disclosure obligations—no later than August 11, 2025. Documents must be identified individually, along with specific reasons for withholding them. If necessary, parties may designate portions of their privilege logs as confidential under the protective orders in place in these cases.

If the parties have reached any agreement to limit their privilege log obligations under Rule 26(b)(5)(A), they must file a stipulation and proposed order by the same deadline. The Court reserves the right to reject or modify any such agreement if it is antithetical to the efficient completion of discovery.[2]

### B.   Production of DPA Materials

Both parties agree that the materials at issue are subject to a balancing test to consider whether they should be protected from discovery under the common law "official information" privilege. Courts have identified a number of factors that can be relevant to the inquiry, *e.g.*, *Kelly v. City of San Jose*, 114 F.R.D. 653, 663 (N.D. Cal. 1987), but the test is ultimately "a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege," *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

Defendants have not argued that the DPA records at issue should not be disclosed at all, only that Defendants should be permitted to delay disclosure until after the DPA completes its investigation, which Defendants expect to occur sometime this month. *See J.T.* ECF No. 192 at 3, 5. The declarations Defendants provided by Diana Rosenstein, *R.P.* ECF No. 103-2, and Sharon

---

[2] This opportunity to submit a *stipulation* for the Court's review should not be construed as inviting disputes over limitations on privilege log obligations that have not been agreed by all parties. Any disputes over privilege log obligations shall be resolved in favor of disclosure as required by Rule 26(b)(5)(A).

1    Woo, *R.P.* ECF No. 103-3, do not explain why the purported confidentiality interests and potential

2    chilling effects of disclosure are implicated to a meaningfully greater degree by disclosure before a

3    DPA investigation has been completed than by Defendants' proposal to disclose these materials

4    after the investigation is complete.[3]

5        On the other hand, Plaintiffs have not articulated a pressing need for this information. In

6    *R.P.*, Plaintiff focuses specifically on Harvey's interview, but Plaintiff has already deposed Harvey

7    and does claim that he was unable to question Harvey about any topics he considered relevant.

8    Plaintiff's implication that Harvey's account of the events may have changed over time, *R.P.* ECF

9    No. 103 at 5, appears to be based only on speculation. If subsequent disclosure of the interview

10   after the DPA's investigation is complete demonstrated important, materially different statements

11   from Harvey's testimony here, Plaintiff could likely demonstrate good cause to reopen discovery

12   at that point. Plaintiffs in the *J.T.* case "wish to review all of DPA's officer interviews before

13   proceeding further with depositions," *J.T.* ECF No. 192 at 1–2, but it may not be necessary for

14   Plaintiffs to delay *all* depositions until they have received DPA materials, and time still remains

15   before the September 30, 2025 fact discovery deadline in the *J.T.* case. Defendants' forthcoming

16   privilege log also might allow Plaintiffs to identify depositions that can proceed without waiting

17   for those materials.

18       Neither side's interest in its preferred schedule for disclosure is particularly compelling.

19   Balancing those interests, the Court ORDERS Defendants to produce DPA materials that are

20   either responsive to Plaintiffs' document requests or within the scope of Defendants' initial

21   disclosure obligations no later than one week after the completion of the DPA's investigation and

22   report, but in any event no later than September 8, 2025 even if the DPA's investigation (which

23   Defendants currently predict will this month) remains ongoing. If Defendants continue to assert

---

[3] At least with respect to factual materials like interview transcripts or recordings, as opposed to drafts or preliminary conclusions by the DPA itself. There is no indication that Plaintiffs are seeking the latter category of documents. If so, and if the parties cannot reach an agreement, the parties may need to file a subsequent discovery letter addressing that issue specifically. The parties' present arguments do not address the interests relevant to such documents sufficiently to allow the Court to reach an informed conclusion as to whether they are properly subject to discovery.

the official information privilege (or any other privilege) to withhold a subset of DPA materials beyond that date, they must serve a supplemental privilege log by the same deadline that sets forth their basis for doing so.

If Plaintiffs believe any previously completed deposition should be reopened in light of those materials, or that any deposition should be allowed after the fact discovery cutoff in *R.P.*, the parties shall meet and confer no later than September 11, 2025 and file either a stipulation or a joint discovery letter no later than September 15, 2025. The Court does not anticipate that this process should require an extension of the September 30, 2025 fact discovery cutoff in *J.T.*

The parties in *R.P.* are instructed to cooperate if either side wishes to supplement their expert reports based on the DPA materials or any subsequent deposition. In the unlikely event of a dispute as to such issues, they may file a joint discovery letter consistent with this Court's Standing Order.

**IT IS SO ORDERED.**

Dated: August 4, 2025

LISA J. CISNEROS
United States Magistrate Judge